FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 20, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN P. O'DAY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON and JULIE LARSON,<br><br>Defendants. | No. 2:24-CV-00347-ACE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>**ECF No. 9** |

**BEFORE THE COURT** is Defendants' Motion to Dismiss. ECF No. 9.[1] Plaintiff is proceeding *pro se*; Defendants are represented by Assistant Attorney General Jordyn Jones. This matter was submitted for consideration without oral argument.

## BACKGROUND

Plaintiff brought this lawsuit against the Washington State Department of Labor and Industries and Assistant Attorney General Julie Larson on October 8,

---

[1] Plaintiff filed no response to Defendant's dispositive motion. *See* LCivR 7(e) ("The failure to comply with the requirements of LCivR 7(b) or (c) may be deemed consent to the entry of an order adverse to the party who violates these rules.").

ORDER . . . - 1

2024. ECF No. 1. Plaintiff's complaint alleges claims arising from the litigation of a wage theft claim before the Office of Administrative Hearings and an appeal of that order to the state superior court. ECF No. 1 at 4-5. Plaintiff asserts due process violations. *Id*. Plaintiff seeks an order requiring Defendants to provide certain documentation for presentation to the state superior court judge, prohibiting Defendants from making certain arguments to the superior court, and to permit service of process by mail. ECF No. 1 at 7. An appeal of the administrative determination of Plaintiff's wage theft claim is currently pending in Spokane County Superior Court. ECF No. 1 at 5.

## DISCUSSION

### A.  Standard of Review

Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the Court has subject matter jurisdiction to hear the claims asserted by Plaintiff. A complaint must be dismissed under Rule 12(b)(1) if, considering all allegations in the light most favorable to Plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). The party asserting jurisdiction (here, Plaintiff) bears the burden of establishing subject matter jurisdiction. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778-779 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

### B.  Analysis

#### 1.  *Younger* Abstention

Defendants first argue that this Court should not exercise jurisdiction in this case under the *Younger* abstention doctrine. ECF No. 9 at 4-6.

ORDER . . . - 2

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must not interfere with pending state court litigation that implicates "important state interests." *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). Although *Younger* itself involved potential interference with a state criminal case by a federal court, the Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings, but "as virtually all cases discussing *Younger* abstention emphasize," abstention is the exception, not the rule. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091-1092 (9th Cir. 2008). A federal court should abstain from exercising jurisdiction over a case under *Younger* when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018); *Logan v. U.S. Nat'l Bank Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013); *San Remo Hotel v. San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). The Court finds that all of the *Younger* considerations are satisfied here. *See infra.*

The first element, "ongoing state judicial proceedings," is met. According to the complaint, Plaintiff seeks an order to compel Defendants' conduct in an ongoing appeal of the administrative decision regarding his wage theft complaint in Spokane County Superior Court. *See* ECF No. 1 at 5, 7. The state action out of which the instant claims arise remains ongoing.

The second element, the importance of the state's interest, is likewise met. Courts "look to . . . the importance of the general proceedings to the State." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989). Washington State has an interest in the enforcement of its wage laws.

///

ORDER . . . - 3

The third *Younger* element, whether there is an adequate opportunity in the state proceedings to raise constitutional challenges, is met. Plaintiff asks this court to compel Defendants to provide certain documentation and prohibit Defendants from asserting certain arguments in its defense. Plaintiff fails to show that the state court is an inadequate forum to address these concerns.

The fourth *Younger* element, that "the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding," is also met. The relief Plaintiff seeks would have the practical effect of enjoining the ongoing state court proceedings.

Plaintiff filed no response or otherwise provided a ground to reject Defendants' argument that, under *Younger*, the Court should abstain from review of Plaintiff's claims.

The Court finds that the interests of equity and comity direct an abstention from adjudication of Plaintiff's claims because all four *Younger* factors are satisfied and federal review of Plaintiff's claims would interfere with a pending state court matter. Dismissal under *Younger* is appropriate.

      **2.**     ***Rooker-Feldman* Doctrine**

Defendants additionally assert that this Court should not exercise jurisdiction in this case under the *Rooker-Feldman* doctrine. ECF No. 9 at 6-8.

Under the *Rooker-Feldman* Doctrine, federal courts are barred from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be an appeal of the state court decision in the federal court. *Doe v. Mann*, 415 F.3d 1038, 1041-1042 (9th Cir. 2005). Congress vested "the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The *Rooker-Feldman* doctrine "applies only in 'limited circumstances'" and only to "'cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the

ORDER . . . - 4

district court proceedings commenced and [4] inviting district court review and rejection of those judgments.'" *Brown v. Duringer Law Grp. PLC*, 86 F.4th 1251, 1253-1254 (9th Cir. 2023) (quoting *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 291 (2005)).

Although Plaintiff does not characterize this action as an appeal of a state court decision, Defendants contend that this action is essentially the de facto equivalent. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."). Defendants assert Plaintiff did not prevail in the state administrative hearing regarding his wage loss claims or in his appeal to the Director of the Washington State Department of Labor and Industries. ECF No. 9 at 7 citing ECF No. 1 at 4-5. Plaintiff then brought an appeal in Spokane County Superior Court to address his dissatisfaction with those results[2] and now seeks an order from this Court to compel Defendants' actions within that pending superior court case with the aim of overturning the administrative hearing and appeal decisions. *Id*.

Because Plaintiff's alleged injuries flow directly from the state administrative proceedings, the Court finds the present suit is a forbidden de facto appeal from a state court decision. ECF No. 9 at 8. Accordingly, the Court lacks jurisdiction over this action under the *Rooker-Feldman* doctrine as well.

///

///

---

[2]The fact an appeal was taken within the state court does not preclude the application of the *Rooker-Feldman* doctrine. *See Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("The purpose of the doctrine is to protect state judgments from collateral federal attack.").

ORDER . . . - 5

C. **Conclusion**

For the reasons discussed above, dismissal of this action is appropriate under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, **ECF No. 9**, is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to Plaintiff and counsel for Defendants, and **CLOSE THE FILE**.

DATED December 20, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER . . . - 6